## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LISA WEST,                            )
                                      )
      Plaintiff,                    )
                                      )
v.                                    )    Case No. CIV-16-213-M
                                      )
DITECH FINANCIAL LLC, f/k/a           )
GREEN TREE SERVICING LLC              )
                                      )
      Defendant.                    )

## ORDER

Before the Court is defendant Ditech Financial LLC's ("Ditech") Motion to Dismiss and Incorporated Brief in Support Thereof, filed March 10, 2016. On March 30, 2016, plaintiff responded, and on April 13, 2016, Ditech replied. Based on the parties' submissions, the Court makes its determination.

I.    Introduction[1]

In November 2012, an earthquake caused significant damage to plaintiff's property. Plaintiff notified her insurer, State Farm, of the damage. After an inspection, State Farm made an initial payment of $597.13 in September of 2013, a supplemental payment of $2,422.86 in November of 2013, and a final payment of $15,556.73 in July of 2014. The final payment check included both of plaintiff's mortgagee companies – National Mortgage and Ditech as payees. Plaintiff sent the check to National Mortgage first for endorsement, which National Mortgage promptly endorsed and sent back.

---

[1] The alleged facts set forth are taken from plaintiff's Petition. For purposes of this Order, the Court will refer to plaintiff's Petition as Complaint.

On August 12, 2014, plaintiff sent the check to Ditech for endorsement. Along with the check, plaintiff sent a copy of the Certification of Intent to Repair indicating that all of the insurance claim funds would be used to repair the property. On August 26, 2014, plaintiff followed up with Ditech regarding the status of the check endorsement. Ditech confirmed that it had received the check and informed plaintiff that additional documentation was needed. Plaintiff sent the additional documentation and requested immediate reimbursement of the funds necessary to repair her property. Plaintiff alleges that since that time she has received letters from Ditech requesting additional information and that plaintiff advised Ditech of the status of the repairs. Plaintiff further alleges that she consistently informed Ditech that she needed the funds to begin the repairs. Initially, upon filing her petition, plaintiff alleged that Ditech returned approximately $8,500 of the insurance money but refused to return the balance of $7,000 despite her demands.[2] Further, plaintiff alleges that she has completed the repairs, and, therefore, Ditech has no basis to continue to retain the funds.

Plaintiff filed this action in the District Court of Pottawatomie County, State of Oklahoma. Plaintiff alleges the following causes of actions against Ditech: (1) breach of contract; (2) unjust enrichment; (3) violation of the Oklahoma Consumer Protection Act ("OCPA"); (4) fraud/constructive fraud ("fraud"); and (5) intentional infliction of emotional distress ("IIED"). On March 4, 2016, Ditech removed this action to this Court and now moves this Court to dismiss plaintiff's unjust enrichment, violation of the

---

[2] In plaintiff's response, plaintiff advises the Court that on February 9, 2016, Ditech returned the remaining balance of her insurance check.

OCPA, fraud, and IIED claims, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).[3]

II.    Standard of Dismissal[4]

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Further, "where the well-pleaded facts do not permit the court to infer more than the mere

---

[3] Since plaintiff has advised the Court that Ditech has returned the remaining balance of her insurance proceeds, the Court finds that plaintiff's unjust enrichment claim should be dismissed as moot. Further, plaintiff does not address Ditech's assertion that her IIED claim fails to state a claim upon which relief can be granted; therefore, the Court deems Ditech's contention confessed and dismisses plaintiff's IIED claim.

[4] In her response, plaintiff contends that the standard of dismissal upon removal to this Court should be based on Oklahoma pleading standards. However, the Court finds that it is well settled law that upon removal to federal court, the Federal Rules of Civil Procedure apply. *See* Federal Rule of Civil Procedure 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.,* 415 U.S. 423, 438 (1974) and *generally Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

A. OCPA

To recover under the Oklahoma Consumer Protection Act ("OCPA"), a consumer must show: "(1) that the defendant engaged in an unlawful practice as defined at 15 O.S. (1991), § 753; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." *Patterson v. Beall,* 19 P.3d 839, 846 (Okla. 2000). An unlawful practice includes "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral." 15 Okla. Stat. §§ 752(13); 753(20).

*Passenger Transp. Specialists Inc. v. Caterpillar Inc.*, No. CIV-12-0732-HE, 2014 WL 5092470, slip op., at *5 (W.D. Okla. Oct. 9, 2014). "'Consumer transaction' means the advertising, offering for sale or purchase, sale, purchase, or distribution of any services or any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value wherever located, for purposes that are personal, household, or business oriented." Okla. Stat. tit. 15, § 752(3). "'Unfair trade practice' means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Okla. Stat. tit. 15, § 752(14).  Further, the following are exempted from the OCPA:

> 1. Publishers, broadcasters, printers or other persons insofar as an unlawful practice as defined in Section 3 of this act involves information that has been disseminated or reproduced on behalf of others without knowledge that it is an unlawful practice.

> 2. Actions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States, or to acts done by retailers or other persons acting in good faith on the basis of information or matter supplied by others and without knowledge of the deceptive character of such information or matter.

Okla. Stat. tit. 15, § 754.

Ditech contends that plaintiff has failed to sufficiently plead a claim under the OCPA because: (1) the OCPA does not apply to loan transactions and (2) plaintiff failed to identify which specific provisions of the OCPA Ditech violated. Specifically, Ditech contends that plaintiff's claim against it is premised on an alleged breach of contract regarding the terms of plaintiff's mortgage, and that plaintiff cannot identify any

consumer transaction between the parties in which a good or service was purchased. Plaintiff contends that her allegations involve Ditech's improper loan servicing practices; practices which meet the definition of unfair trade practice. Further, plaintiff contends that mortgage services are not listed within the exemptions set forth in the OCPA.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true, and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations to establish a plausible claim that Ditech violated the OCPA. Regarding her OCPA claim, plaintiff specifically alleges: "[t]he conduct of Defendant constitutes an unfair and deceptive trade practice. . . [t]he conduct occurred in the course of the business of Defendant." Compl. ¶¶ 23 – 24. While plaintiff asserts in her response brief the conduct she is referencing in her Complaint is related to Ditech's loan servicing practices, she fails to allege this fact in her Complaint. Further, the OCPA is related to consumer transactions, and plaintiff has failed to present any authority to this Court finding that the scope of the OCPA encompasses mortgage services; therefore, the Court finds that plaintiff's claim that Ditech violated the OCPA should be dismissed.

### B.  Fraud Claim

Rule 9(b) provides, in pertinent part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud . . . and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the

consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal quotations and citations omitted). Further,

> Rule 9(b) does not . . . require the pleading of detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind. It only requires identification of the circumstances constituting fraud or mistake. That requirement means . . . that individual plaintiffs should identify particular defendants with whom they dealt directly . . . ; that individual plaintiffs should designate the occasions on which affirmative statements were allegedly made to them - and by whom; and that individual plaintiffs should designate what affirmative misstatements or half-truths were directed to them – and how.

*Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986).

Defendant contends that plaintiff has failed to plead her fraud claim because it is based on the same conduct as plaintiff's claim of breach of contract and it lacks the necessary particularity as required by Rule 9(b). Plaintiff contends that her fraud claim is distinct from her breach of contract claim and has pled separate damages as result of her fraud claim. *See Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007) ("To maintain a fraud claim . . . the basis of the claim must be different from the conduct upon which a breach of contract claim is based. . . . Furthermore, the fraud must have resulted in damages greater than those caused by the breach of contract alone.") (internal citation omitted). Plaintiff further requests leave to file an amended complaint as to her fraud claim, in the event the Court finds her fraud claim is inadequately pled.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true, and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has failed to sufficiently plead her fraud claim. Plaintiff specifically alleges:

> Defendant's refusal to return the insurance proceeds to Plaintiff constitutes fraud and/or constructive fraud under the circumstances of this case. Plaintiff believes Ditech's conduct is part of a pattern or practice, or is so widespread as to constitute a general business practice.
>
> Plaintiff has suffered damages as a result of Defendant's conduct.
>
> Defendant has acted willfully, wantonly, and or with reckless disregard for the rights of others. Punitive damages should be awarded against Defendant to punish it and deter others.

Compl. ¶¶ 27-29. The Court finds that while plaintiff has set forth the who, what/how, when, and where necessary to plead a claim of fraud, plaintiff has failed to allege any facts relating to the contents of Ditech's alleged false representations. Therefore the Court finds that, as presently pled, plaintiff's fraud claim against Ditech should be dismissed; however, in the interest of justice, plaintiff should be granted leave to specifically allege facts regarding her fraud claim, including the contents of Ditech's alleged false representations.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Ditech's Motion to Dismiss and Incorporated Brief in Support Thereof [docket no. 5], DISMISSES

plaintiff's unjust enrichment, violation of the OCPA, fraud, and IIED claims against Ditech, and GRANTS plaintiff leave to amend her fraud claim on or before July 8, 2016.

**IT IS SO ORDERED this 8th day of June, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE